# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 6:16-09 |
| § | |
| **JOSHUA DALE BROWN,** § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Joshua Dale Brown's letter motion for time served. D.E. 23.

## I. BACKGROUND

On November 25, 2015, officers from the Victoria, Texas, Police Department were dispatched to a residence in reference to an aggravated robbery. Responding officers determined that an adult male had been robbed at gunpoint and assaulted with a firearm by two males. Members of the street gang known as the South Side Locos became suspects, and on December 1, 2015, a search warrant was executed a residence used by Defendant and other gang members. A search of the residence yielded a stolen firearm, which Defendant admitted he owned. Defendant was charged with theft of a firearm in Case No. 16-02-29154-A in the 24th Judicial District Court of Victoria County, Texas. He then entered federal custody on a writ on February 4, 2016, to face charges that he unlawfully possessed a firearm as a felon on December 1, 2015. He pled guilty to the federal charge and was sentenced to 32 months' imprisonment on December 6, 2016.

According to his current letter motion, Defendant was then transferred back to state custody. He eventually pled guilty to theft of a firearm, burglary of a habitation, and aggravated robbery, for which he was sentenced to a total of four years in Texas Department of Criminal

Justice (TDCJ) custody. Once he made parole, he was released to federal custody in June 2020 in order to serve his sentence in the current case. Defendant now moves the Court to reduce his federal sentence to time served.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction, or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . .

18 U.S.C. § 3582(c).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

## III. ANALYSIS

In support of a sentence reduction, Defendant states that the mother of his children has been struggling during the COVID-19 pandemic and his grandfather was recently hospitalized

after having a stroke. He also emphasizes that, while in TDCJ custody, he received an OSHA certification, participated in numerous religious activities, and "rehabilitated [his] mind, body & soul throughout this incarceration." D.E. 23, p. 2. Defendant states that he "feel[s] that he has justly earned a time served judgment" based on the time he served in TDCJ custody on theft of a firearm, burglary of a habitation, and aggravated robbery charges. *Id.*

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010); 18 U.S.C. § 3584(a). Because the federal judgment is silent, Defendant's federal sentence runs consecutively to his state sentence. While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). Here, Defendant's sentencing range has not been lowered; he has not shown that a reduction is permitted by statute or by Rule 35; and he is not elderly, nor has he identified any medical condition, family circumstance, or other extraordinary or compelling reason that would qualify him for compassionate release.

## IV. CONCLUSION

Because Defendant has failed to show that he qualifies for relief under the limited circumstances set out in § 3582(c), his letter motion for time served (D.E. 23) is **DENIED**. It is so **ORDERED** this 20th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE